**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 15 |
| | ) | |
| SPENCER CAPITAL LTD.,[1] | ) | Case No. 20-12289 (JLG) |
| | ) | |
| Debtor in Foreign Proceeding. | ) | |

## DECLARATION OF RACHELLE FRISBY PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF (A) VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND (B) MOTION IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND FOREIGN REPRESENTATIVE AND FOR RELATED RELIEF; AND STATEMENTS AND LISTS REQUIRED BY BANKRUPTCY RULE 1007(A)(4)

I, Rachelle Frisby, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  I am an individual over 21 years of age and am competent to testify and to provide this declaration (the "Declaration") in support of (i) the Verified Petition for Recognition of Foreign Proceeding under Chapter 15 (the "Verified Petition")[2] [ECF No. 2] and the memorandum in support thereof and for related relief (the "Memorandum") [ECF No. 3], which seek entry of an order recognizing provisional liquidation proceedings with respect to the Debtor currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 55 (the "Bermuda Proceeding") as a foreign main proceeding pursuant to sections 1515, 1517 and 1520 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"),[3] both of which were filed concurrently herewith and to which this Court is respectfully referred.  Myself and John Johnston (together,

---

[1] SCL (defined herein), a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda of Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda.

[2] Except as otherwise indicated, capitalized terms used herein carry the meanings ascribed to them in the Verified Petition.

[3] Except as otherwise indicated, section and chapter references are to the United States Bankruptcy Code.

the "Petitioners" or the "JPLs"), have been appointed Joint Provisional Liquidators of the
Debtor.

2.  I make this Declaration on the basis of documentation in my possession or supplied to
me and on facts and matters that are known to me or of which I have been informed by others.
Where I have been informed by others, the information is true to the best of my knowledge and
belief.

3.  I am a Partner of Deloitte Ltd.  I am qualified to act as a Joint Liquidator of a
Bermuda company.  I am the head of Financial Advisory in Bermuda and the British Virgin
Islands, providing restructuring, forensic and dispute, business valuation, M&A transaction, and
AML compliance services. I have over 17 years of experience working in public accounting in
Canada and Bermuda.

4.  The facts and matters contained in this Declaration are based on my own
understanding gained through my review of the books and record provided to me by the Debtor
together with knowledge gained in preparation for my role as one of the JPLs to include a
company search at the Registrar of Companies in Bermuda, and since my appointment as one of
the JPLs of the Debtor.

**Background of Case**

5.  SCL was incorporated on September 12, 2011 as Spencer Capital Re Ltd., as an
exempt company pursuant to the provisions of section 14 of the Bermuda Companies Act 1981.
SCL changed its name to Spencer Capital Holdings Ltd. on October 3, 2011. SCL, operating as
Spencer Capital Holdings Ltd., was the holding company of a group under common ownership
("the Spencer Group") until such time as the Spencer Group underwent a restructuring, effective

2

November 30, 2016. In connection with the restructuring of the Spencer Group, SCL merged with a newly formed entity, with the surviving entity bearing the name Spencer Capital Ltd.

6.  In relation to the restructuring, a new Bermuda company named Spencer Capital Holdings II Ltd. was formed and later changed its name to Spencer Capital Holdings Ltd. ("SCHL"). This entity became the holding company of the Spencer Group and SCL became its wholly owned subsidiary.

7.  The Debtor's Bermuda Corporate Registration Number is 45728.

8.  On September 17, 2019, SCHL commenced a winding-up proceeding in Bermuda; by order dated September 26, 2019, the JPLs were named as SCHL's JPLs. The Winding-Up Order detailing the JPLs' authority to administer the assets and liabilities of SCHL was entered on October 11, 2019 (the "SCHL Order").[4]

9.  In order for the JPLs to be able to take control of SCL, on January 8, 2020, we caused SCHL, as the sole member of SCL, to resolve by written resolution that SCL should be wound up by the Bermuda Court, by the presentation of a petition by SCL to the Bermuda Court under the provisions of the Companies Act 1981, section 161(a).  On January 30, 2020 the JPLs commenced a winding-up proceeding for the Debtor.  By order dated March 6, 2020 (the "Bermuda Order") a winding-up order was made and the JPLs of SCHL were also appointed as JPLs and duly authorized foreign representatives of the Debtor.[5]

10.  The SCHL Order applies to SCL's Bermuda Proceeding as a result of SCL being SCHL's wholly-owned subsidiary.  The SCHL Order grants the JPLs the broad authority to undertake various actions with respect to the Debtor, including the authority to:

---

[4] A true and correct copy of the SCHL Order is annexed hereto as Exhibit A.

[5] A true and correct copy of the Bermuda Order is annexed hereto as Exhibit B.

09/17/2020 SL1 1653085v3 114702.00001

(i) Continue the business of the [Debtor] under the supervision of [the Bermuda Court] in so far as is necessary to preserve value of the [Debtor];

(ii) to take possession of the books, records, bank accounts and any other property or assets (of whatever nature) to which the [Debtor] is or appears to be entitled, and to take whatever steps necessary to effect such possession including, where necessary, court actions to obtain such property or assets to bring them under the control of the JPLs. For the avoidance of doubt, this includes the power for the JPLs to be able to see, review, secure, take possession of and copy any books and records (of whatever nature) relating to the [Debtor's] management, accounts and audit located in the offices of the [Debtor's] managers, principal representative and/ or auditors and accountants;

(iii) to retain and employ barristers, attorneys or solicitors and/or such agents or professional persons as the JPLs deem fit (in Bermuda, the United States, and elsewhere as the JPLs deem appropriate) for the purpose of advising and assisting in the execution of [their] powers;

(iv) to maintain and operate the existing bank accounts of the [Debtor] and to open and operate new bank accounts in the name of the JPLs or the [Debtor] as may be necessary (whether within or outside Bermuda) and to pay monies into such accounts and authorize payment from such accounts;

(v) to consider any legal or arbitration proceedings (including winding up proceedings) wherever situate in which the [Debtor] is a party including (without limitation) the proceedings pending in the United States District Court for the Southern District of New York captioned *Cavello Bay Reinsurance Limited v. Kenneth Shubin Stein, Spencer Capital Limited (f/k/a Spencer Capital Holdings Ltd) and Spencer Capital*

4

*Holdings Ltd.*, Case Number: 2018-cv-11362, and to give all instructions in connection therewith and take such action as may be thought necessary to continue to prosecute or defend such proceedings or to apply for a stay of such proceedings;

(vi)  to consider and if thought advisable to commence such actions as may be necessary in Bermuda or elsewhere to protect, recover or obtain assets or money belonging to the [Debtor]; and

(vii)  to rank and claim in the bankruptcy, liquidation, scheme of arrangement or insolvency of any person (including but not limited to any body corporate) indebted to the [Debtor] and to receive dividends, and to accede to trust deeds for the creditors of any such person.

SCHL Order, ¶¶ 3.1-3.3; 3.6; 3.11-3.13.

11.    The SCHL Order also specifically authorizes the JPLs "to seek the assistance [of] the United States Bankruptcy Court under the provisions of the US Bankruptcy Code, Chapter 15." SCHL Order ¶ 3.5.

12.    On the date hereof (the "Petition Date"), the JPLs commenced the case (the "Chapter 15 Case") by filing the Verified Petition for relief under chapter 15 of the Bankruptcy Code.  The JPLs seek recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding under section 1517 of the Bankruptcy Code.

**The JPLs are Foreign Representatives of the Debtor**

13.    John Johnston and I have been informed by our legal advisors that a Chapter 15 proceeding is commenced by the filing of a petition for recognition (and related documents) by the "foreign representative."  We are further informed that a Bankruptcy Court may presume that the person petitioning for Chapter 15 recognition is a foreign representative if the decision or

5

certificate from the foreign court so indicate. We understand that "foreign representative" is

defined in section 101(24) of the Bankruptcy Code to mean:

> "...a person or body, including a person or body appointed on an interim basis,
> authorized in a foreign proceeding to administer the reorganization or the
> liquidation of the debtor's assets or affairs or to act as a representative of such
> foreign proceeding."

11 U.S.C. § 101(24).

14. John Johnston and I have been appointed by the Bermuda Court on a provisional

basis to administer the Debtor's affairs, and we have been authorized by the order appointing us

to (among other matters) seek recognition under Chapter 15 of the United States Bankruptcy

Code. Specifically, we have been authorized by the Bermuda Order and SCHL Order to seek the

assistance of the courts in the United States to secure the Debtor's assets in that jurisdiction.

15. Furthermore, and pursuant to the Bermuda Companies Act 1981 the first meetings of

creditors and contributories were duly convened and held by the JPLs for SCL on 6 April 2020

and for SCHL on 16 March 2020. At these meetings the creditors and contributories

unanimously voted in favour for John Johnston and I to be appointed and continue as permanent

liquidators of both SCL and SCHL. On obtaining the result of the meetings applications were

made to the Bermuda Court in order for the same to be ratified. However, given the current

Covid-19 pandemic there has been a delay in the court process and we are still awaiting an

outcome in respect of the same. It is not envisaged that the Bermuda Court will act against the

wishes of the creditors and contributories with regards to the appointment of John Johnston and I

as permanent liquidators.

16. Additionally, we are individuals appointed by the Bermuda Court to exercise certain

administrative powers, including, among other things, to continue the operations of the Debtor in

6

so far as is necessary to preserve the value of the Debtor, to prove rank, claim and or receive dividends in the bankruptcy or insolvency of any debtor, to make payments to creditors, to discharge costs, expenses and debts incurred by the Debtor, and to do all other things incidental to the exercise of our powers.

17.  In light of the statutory presumption, the Bankruptcy Code's definition of "foreign representative" and the express provisions of the Bermuda Order and SCHL Order, I believe that John Johnston and I are foreign representatives of the Bermuda Proceeding.

**The Bermuda Proceeding Is A Foreign Main Proceeding**

18.  I believe that the Bermuda Proceeding is a "foreign main proceeding" within the meaning of Section 1502(4) of the Bankruptcy Code.

19.  John Johnston and I have been informed by our legal advisors that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean:

> "... a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation"

11 U.S.C. § 101(23).

20.  I believe that the Bermuda Proceeding falls within the foregoing definition.  The provisional liquidation proceeding is a collective judicial proceeding, in Bermuda, governed by Bermuda statute applicable to corporate insolvencies.  In the provisional liquidation proceeding the Debtor's assets and affairs are subject to the control or supervision of the Bermuda Court. The purpose of the provisional liquidation proceeding is reorganization or, should the reorganization fail, liquidation.

21.  John Johnston and I have been informed by our legal advisors that Section 1517(b)(1)

7

of the Bankruptcy Code provides that a foreign proceeding shall be recognized as a "foreign

main proceeding" if the foreign proceeding is pending in the country where the debtor has "the

center of its main interests" ("COMI"). COMI is not defined in Chapter 15, but Section 1516(c)

of the Bankruptcy Code provides that "[i]n the absence of evidence to the contrary, the debtor's

registered office, or habitual residence in the case of an individual, is presumed to be the center

of the debtor's main interests."

22.    We believe that, based on its place of registered office, the COMI of Debtor is

Bermuda.

23.    Additional factors supporting COMI in Bermuda for the Debtor include the location

in Bermuda of Debtor's board of directors and officers; location of Debtor's operations, books

and records and certain assets; and location of certain of Debtor's bank accounts.

**Alternatively, the Bermuda Proceeding Is a Foreign Nonmain Proceeding**

24.    In the event that the Court concludes that the Debtor's COMI is not Bermuda, the

JPLs believe that the Court should recognize the Bermuda Proceeding as a foreign nonmain

proceeding.  The JPLs are informed by their legal advisors that a foreign nonmain proceeding

takes place in a jurisdiction that is not the entity's center of main interests but where it has an

"establishment," defined as "any place of operations where the debtor carries out a nontransitory

economic activity." 11 U.S.C. §§ 1502(2), (5).

25.    As of the date of the filing of the Chapter 15 petition the Debtor had a place of

business and personnel in Bermuda.  Thus, it is evident the Debtor has an establishment in

Bermuda.

8

26. Besides the Petitioners, who report to and are supervised by the Bermuda Court, the Debtor has no foreign administrators and there are no other insolvency proceedings regarding the Debtor anywhere in the world.

## STATEMENT PURSUANT TO
## SECTION 1515(c) OF THE BANKRUPTCY CODE

27. I am informed that section 1515(c) of the Bankruptcy Code provides that "[a] petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative."

28. In compliance with section 1515(c) of the Bankruptcy Code, I hereby declare that the only foreign proceedings (as such term is defined in section 101(23) of the Bankruptcy Code) pending with respect to the Debtor that are known to me is the Bermuda Proceeding.

## STATEMENTS AND LISTS PURSUANT TO
## BANKRUPTCY RULE 1007(a)(4)

29. I am informed that Bankruptcy Rule 1007(a)(4) provides as follows:

In addition to the documents required under § 1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the Code.

30. In compliance with Bankruptcy Rule 1007(a)(4), I hereby provide the following lists:

**Corporate Ownership Statement**

31. Pursuant to Bankruptcy Rule 7007.1, the following entities directly or indirectly own the following percentages of Debtor's equity interests: Spencer Capital Holdings Ltd. (100%).

9

**JPLs in Bermuda Proceeding**

32.  As noted above, John Johnston and I were appointed JPLs in the Bermuda Proceeding by Order dated March 6, 2020.  Our address is c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12 Bermuda.

**Parties to Litigation in the United States**

33.  As of the date of this Declaration, the Debtor is a defendant in the action styled *Cavello Bay Reinsurance Limited v. Stein et al.,* Case No. 18-cv-11362 KMK (S.D.N.Y.).  There is a pending appeal of the District Court's order granting Debtor's motion to dismiss before the United States Court of Appeals for the Second Circuit, Case No. 20-1371.

**Entities Against Whom Provisional Relief is Sought under Section 1519**

34.  The JPLs are not seeking provisional relief under Bankruptcy Code Section 1519.

IN WITNESS WHEREOF, I have executed this Statement under penalty of perjury under the laws of the United States of America this 23rd day of September, 2020.

/s/ _____

Rachelle Frisby, One of the Joint Provisional Liquidators

10